1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

STEVEN WAYNE FELDMANN,

Case No. 2:14-cv-00843-LDG-PAL

8

Plaintiff,

**REPORT OF FINDINGS AND
RECOMMENDATION**

9

v.

10

STATE OF NEVADA, et al.,

(IFP App – Dkt. #1)

Defendants.

11
12

Plaintiff Steven Wayne Feldmann ("Feldmann") is proceeding in this action pro se.

13 Feldmann requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he

14 submitted a complaint.  This matter was referred to the undersigned pursuant to the provisions of

15 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule IB 1-3 and 1-4.

16 **I.      In Forma Pauperis Application.**

17       Feldmann submitted the affidavit required by § 1915(a) showing he is unable to prepay

18 fees and costs or give security for them.  Accordingly, the court grants his request to proceed in

19 forma pauperis pursuant to 28 U.S.C. § 1915(a).  The court will now review Feldmann's

20 complaint.

21 **II.     Screening the Complaint.**

22       Upon granting a request to proceed in forma pauperis, a court must additionally screen a

23 complaint pursuant to § 1915(a).  Federal courts are given the authority dismiss a case if the

24 action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25 or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26 § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given

27 leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

28 / / /

1

1  the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*

2  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a

4  complaint for failure to state a claim upon which relief can be granted.  Review under Rule

5  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*

6  *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and

7  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

8  8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not

9  require detailed factual allegations, it demands "more than labels and conclusions" or a

10  "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

11  (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all

12  well-pled factual allegations contained in the complaint, but the same requirement does not apply

13  to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action,

14  supported only by conclusory allegations, do not suffice.  *Id*. at 678.  Secondly, where the claims

15  in the complaint have not crossed the line from plausible to conceivable, the complaint should be

16  dismissed.  *Twombly*, 550 U.S. at 570.

17       The Complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.

18  § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by

19  the Constitution has been violated, and the deprivation was committed by a person acting under

20  "color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citation omitted).  States and state

21  officers sued in their official capacity are not "persons" for the purposes of a section 1983 action,

22  and generally, they may not be sued under the statute.  *Will v. Michigan Dep't of State Police*,

23  491 U.S. 58, 71 (1989).

24       Feldmann's complaint names Catholic Charities, the Salvation Army, Bonanza Charities

25  and Shelter, Arch Dioceses [sic]; EcoLab; and the State of Nevada as Defendants.  Although

26  § 1983 is generally not applicable to private parties, a private party may be sued when it is a

27  willful participant in joint action with the state or its agents.  *See Dennis v. Sparks*, 449 U.S. 24,

28  27 (1980).  A private party is liable under § 1983 only if its actions are "inextricable intertwined"

1   with the government's.  *See Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1996);

2   *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.1989) (necessitating a showing of

3   "substantial cooperation" between the private party and the state).  Stated another way, a private

4   party acts under color of state law only if it is "clothed with the authority of state law." *McDade*,

5   223 F.3d at 1139.  None of the Defendants named in the complaint are state actors.  Feldmann

6   has not alleged the Defendants acted under color of state law, acted by virtue of state law, or

7   were clothed with authority of state law.  Feldmann does not allege any of the Defendants were

8   "willful participants" with government actors or that their actions were "inextricably bound"

9   with those of the state.  Accordingly, Feldmann cannot state § 1983 claims against the charities

10  or the private company, Eco Lab.

11        The state of Nevada is not a "person" for purposes of § 1983.  *See Arizonans for Official*

12  *English v. Arizona*, 520 U.S. 43, 69 (1997); *Will*, 491 U.S. at 71; *Doe v. Livermore Nat'l Lab.*,

13  131 F.3d 836, 839 (9th Cir. 1997).  The Ninth Circuit has held that § 1983 claims against states

14  are "legally frivolous."  *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded*

15  *by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en

16  banc).  In addition, the Eleventh Amendment bars an individual from suing a state in federal

17  court unless the state consents to suit, or Congress has clearly and validly abrogated the state's

18  sovereign immunity.  *See* U.S. Const. amend. XI; *see also, Coll. Sav. Bank v. Fla. Prepaid*

19  *Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  Feldmann has not alleged the state

20  of Nevada consented to be sued or that Congress abrogated Nevada's sovereign immunity.

21  Moreover, although Feldmann names the state of Nevada in the caption of the complaint, he has

22  not alleged any facts to support a claim against it.  Feldman cannot state a

23  § 1983 claim against the state of Nevada.

24        Even if Feldmann had named a state actor, his complaint does not state a federal claim

25  upon which relief can be granted.  18 U.S.C. 1915(d) allows a court to dismiss "claims whose

26  factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The

27  court may dismiss all or part of a plaintiff's complaint as frivolous if it lacks arguable basis in

28  either fact or law.  *Id.*; *see also* 28 U.S.C. § 1915(e)(2).

Feldmann alleges the charity Defendants improperly spelled his name and copied federal documentation that was not theirs.  He contends St. Vincent's employees had "bigamist attitudes," threatened him, and failed to assist him when he was sleeping in the shelter. Feldmann alleges Bonanza Charities poisoned his food and stole his identity.  He asserts EcoLabs subcontracted "with hospital assurances of negligence" and retaliated by "possible burning of blood and plasma donation" in Milwaukee, Wisconsin.  Feldmann seeks: two hundred and fifty million dollars, an SR-22, and "procranstitive emergency response because of dear need."  The court finds Feldmann's claims describe fantastic and delusional scenarios and do not state a claim upon which relief can be granted.  Because the complaint does not set forth a plausible claim against any state actor, it is recommended that it be dismissed with prejudice. Leave to amend will not be granted because Feldmann's claims cannot be cured by the allegation of additional facts.  *See Lopez*, 203 F.3d at 1126, 1131; *see also Cato*, 70 F.3d at 1106. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security.  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3.  The Clerk of Court shall file the complaint.

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

Dated this 1st day of July, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4

1

**<u>NOTICE</u>**

2      These findings and recommendations are submitted to the United States District Judge

3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

4  after being served with these findings and recommendations, any party may file written

5  objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing

6  to object to the findings and recommendations of a magistrate judge shall file and serve *specific*

7  *written objections* together with points and authorities in support of those objections, within

8  fourteen days of the date of service of the findings and recommendations.  The document should

9  be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties

10  are advised that failure to file objections within the specified time may waive the right to appeal

11  the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and

12  authorities filed in support of the specific written objections are subject to the page limitations

13  found in LR 7-4.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28